UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANNIE OAKLEY ENTERPRISES INC., RENEE GABET, <br><br> Plaintiffs, <br><br> v. <br><br> RISE-N-SHINE LLC, CATHY BEGGAN, AMAZON.COM, INC., WALMART, INC., <br><br> Defendants. <br><br> RISE-N-SHINE LLC, RISE-N-SHINE LLC, <br><br> Counter Claimants, <br><br> v. <br><br> ANNIE OAKLEY ENTERPRISES, INC., RENEE GABET, ANNIE OAKLEY ENTERPRISES INC., RENEE GABET, <br><br> Counter Defendants. | No. 1:20-cv-00638-RLY-TAB |

**ORDER ON OCTOBER 14, 2020, STATUS CONFERENCE**

Parties appeared by counsel on October 14, 2020, for a telephonic status conference to address four discovery disputes. In advance of this conference the parties provided the magistrate judge with brief written statements regarding their positions. In addition, at the October 14 conference the Court heard argument. The Court then took these discovery disputes under advisement, received supplemental submissions, and now issues its order on these matters.

This litigation is a dispute over the use of the RISE 'N SHINE trademark. Plaintiffs use the mark on a full line of essential oils, fragrances, and bath and body lotions and products for personal use. Defendants use the mark on hair care products and hair-related supplements. Plaintiffs contend Defendants' use of the mark infringes on Plaintiffs' trademark rights. Defendants respond that Plaintiffs obtained their trademark through fraud and that, in any event, the products at issue are different so there is no likelihood consumer confusion. While the issues in this case run deeper than this thumbnail outline, the foregoing description suffices to put the parties' discovery disputes in context.

The first issue is whether Defendants should be required to produce information regarding sales prior to February 26, 2018, two years before Plaintiffs filed their complaint. Defendants argue any sales beyond the two-year statute of limitations are irrelevant, and in fact Defendants have filed motions to dismiss that include this argument. [Filing Nos. 45, 64.] As Plaintiffs argue in response, however, the longer Plaintiffs can show that Defendants infringed on Plaintiffs' mark, the more likely it is that any infringement was willful. Accordingly, Defendants' objections to this discovery are overruled.

The second issue is whether Defendants should be required to produce sales information for all accused products bearing the RISE 'N SHINE mark, or whether Defendants may withhold such information for products Defendants do not believe infringe. Specifically, Defendants argue that the goods covered by Plaintiffs' 283 registration include only topically applied shampoos, conditioners, body washes, and body lotions, such that the registration cannot apply to Defendants' internally ingested dietary supplements. Again, this issue has been briefed in the pending motions to dismiss. While the mere filing of a motion to dismiss does not bring discovery to a halt, the Court need not stick its head in the sand either. Plaintiffs seemingly face

a high hurdle in proceeding with these claims. The motions to dismiss have been fully briefed since August 3, 2020 [Filing No. 45], and September 3, 2020 [Filing No. 64]. There is no trial date, and the discovery deadline (November 26, 2020) and dispositive motions deadline (January 26, 2021) have not yet passed. Thus, if these claims survive Defendants' motion to dismiss there is time for Plaintiffs to obtain this information, which understandably may require a reasonable modification of pretrial deadlines. Accordingly, Defendants' objections to this discovery are sustained.

The third issue is whether Defendants should be required to produce buyer contact information for each sale of accused products. Plaintiffs want Defendants to generate a spreadsheet setting forth the name and contact information for their customers so that Plaintiffs can contact these customers in their effort to show customer confusion. Understandably, Defendants do not want Plaintiffs contacting their customers. In opposing this discovery request, Defendants reiterate their relevance objection, claiming Plaintiffs' confusion argument is "preposterous" and noting Plaintiffs' sales information for shampoos and conditioners under the 283 registration are "almost non-existent."

While Plaintiffs contest this characterization, it is undisputed that Plaintiffs sought this same information in a pending lawsuit asserting the same trademark registrations against Amazon, but involving other third-party products using the RISE 'N SHINE product name. *See Annie Oakley Enterprises v. Amazon*.com, 1:19-01732-JMS-MJD. Judge Dinsmore denied Plaintiffs' motion to compel in that case,[1] noting in relevant part that "any information obtained from the customers as a result of being contacted by Plaintiffs' counsel would be subject to the

---

[1] Plaintiffs in that case filed an objection to this ruling, which remains pending. *See Annie Oakley*, 1:19-cv-01732-JMS-MJD, Filing No. 108.

3

very legitimate argument that it was unreliable, given the ease with which the concept of product confusion could be planted in the minds of customers simply by asking questions about confusion." *Id*. at 3. Plaintiffs have not offered any persuasive reason to conclude otherwise. Accordingly, Defendants' objections to this discovery are sustained.

The fourth and final discovery issue is whether Defendants should be required to produce individual information for each sale or whether, instead, they may combine their sales for a particular product. Plaintiffs make a number of arguments in favor of obtaining this information. Plaintiffs assert that lumping sales together by product does not allow the totals to be segregated depending on how the motions to dismiss on the statute of limitations issue are resolved. Moreover, Plaintiffs contend that individual sales across dates allow inferences to be drawn about the likelihood of confusion, given Plaintiffs' expectation that Plaintiffs' sales decreased in lockstep with Defendants' increased sales. In response, Defendants argue that RISE 'N SHINE is a "mom and pop" type business that does not keep such reports in the ordinary course of business, and that obtaining such reports would require Defendants to dig through paper files that would result in an undue burden. This response is not compelling, particularly given that Plaintiffs directed the Court to RISE 'N SHINE invoices already in the record [Filing No. 70-1] showing Defendants utilize the platforms "myshopify.com" and "shopify.com" to locate documents. Plaintiffs thereafter admitted to having access to these reports. Accordingly, Defendants' objections to this discovery are overruled.

Accordingly, for these reasons, the Court sustains in part and overrules in part Defendants' objections to these four discovery issues. Defendants shall produce documents in compliance with this order within 21 days.[2]

Date: 10/22/2020

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution to all counsel of record via ECF.

---

[2] Plaintiffs' written submission to the magistrate judge submitted after the October 14 status conference states that there is a fifth discovery issue that needs the Court's attention. However, that issue was not raised during the October 14 conference. Moreover, Plaintiffs' submission indicates Defendants' position on this fifth issue is "unknown." As a result, this additional issue is not ripe for the Court's attention.