UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANNIE OAKLEY ENTERPRISES, INC. and RENEE GABET, <br><br> *Plaintiffs,* <br><br> vs. <br><br> RISE-N-SHINE, LLC, a New Jersey LLC, AMAZON.COM, INC., a Washington Corporation, and WALMART, INC., a Delaware Corporation <br><br> *Defendants.* | 1:20-cv-00638-RLY-MG |

## ORDER

Plaintiffs Annie Oakley Enterprises, Inc. ("Annie Oakley") and Renee Gabet ("Gabet"), bring this action against Defendants Rise-N-Shine, LLC, Amazon.com, Inc. and Walmart, Inc., for claims of trademark infringement and violations of other state and federal laws. Annie Oakley has filed a Motion for leave to File a Second Amended Complaint, [Filing No. 108], in response to the Court's decision on the Partial Motion to Dismiss, [Filing No. 104]. The Motion is now ripe for the Court's consideration. For the following reasons, the Plaintiffs' motion is **GRANTED.**

**I.
BACKGROUND**

Annie Oakley Enterprises sells a line of products that includes shampoo and conditioner with the slogan and trademark RISE 'N SHINE. [Filing No. 32 at 4.] Gabet is Annie Oakley's founder and sole shareholder. [Filing No. 32 at 3.] Gabet is also the sole owner of Trademark Registration No. 2,549,750 in connection with perfumes, body oils, room fragrances, and essential

oils for personal use, and Trademark Registration No. 3,990,283 in connection with shampoos, hair conditioners, body soaps, and body powders. [Filing No. 32 at 4.] Annie Oakley is the only entity authorized by Gabet to use the RISE 'N SHINE Mark in connection with essential oils for personal use since at least January 2000, and in connection with shampoos, hair conditioners, body soaps, and body powders since at least April 2001. [Filing No. 32 at 4-5.] Plaintiffs have developed a national customer base. [Filing No. 32 at 5.] Plaintiffs market and sell their products using the RISE 'N SHINE Mark around the world through their store, by mail, through wholesalers, and online. [Filing No. 32 at 5.]

Defendants are also in the business of offering and selling hair care products. [Filing No. 32 at 5.] On February 12, 2019, Defendant Rise-N-Shine sought to register the RISE-N-SHINE Mark in connection with hair conditioners, shampoos, and assorted nutritional supplements. [Filing No. 32 at 7.] On June 12, 2019, believing Defendant's use of the RISE-N-SHINE Mark infringes on their RISE 'N SHINE Mark, Plaintiffs filed a Notice of Opposition against the RISE-N-SHINE application. [Filing No. 32 at 7-8.]

Amazon.com, Inc. and Walmart, Inc., the other two defendants in this case, operate online marketplaces where third-party vendors can sell their products. [Filing No. 32 at 9, 12.] Both companies sell the alleged infringing products. [Filing No. 32 at 12, 16.]

## II.
### DISCUSSION

As a preliminary matter, the Court must determine the proper standard of review. Typically, Federal Rule of Civil Procedure 15 governs amendment of pleadings before trial, but after the Case Management Plan deadline for amending has passed, a party must also show good cause for its failure to seek amendment earlier. Fed. R. Civ. P. 16(b). In this case, the Plaintiffs' proposed amendments were all filed after the CMP deadline, so Plaintiffs must first satisfy Rule

16(b). "To amend a pleading after the expiration of the trial court's Scheduling Order deadline to amend pleadings, the moving party must show 'good cause.'" *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005). Good cause depends primarily on "the diligence of the party seeking amendment." *Id.*

A.  **Good cause under Rule 16(b)**

When a party moves to amend a pleading after the deadline to amend set by the Court, the Court applies the "heightened good-cause standard of Rule 16(b)(4) before considering whether the requirements of Rule 15(a)(2) were satisfied." *Stone v. Couch*, No. 1:19-cv-01193, 2020 WL 4339439, at *1 (S.D. Ind. July 27, 2020).

The CMP Order's deadline to amend pleadings was July 26, 2020, [Filing No. 43], and Plaintiffs filed their first Amended Complaint on May 22, 2020, [Filing No. 32]. Subsequently, on March 23, 2021, the Court granted in part and denied in part the Rise-N-Shine, LLC, Kathy Beggan, and Amazon.com, Inc.'s Partial Motion to Dismiss Plaintiff's Amended Complaint, [Filing No. 45]; specifically:

- Defendants' motion to dismiss Plaintiffs' trademark dilution claim (Count II), Plaintiff's trademark infringement claims (Counts I and III), and Plaintiffs' trademark counterfeiting claim (Count VI) is DENIED.

- Plaintiffs' claim for "use of advertising idea" (Count IV) is DISMISSED without prejudice.

- Plaintiffs' civil conspiracy claim (Count V) is DISMISSED without prejudice.

- Because Annie Oakley appears to lack standing to bring claims for trademark infringement (Count I) and trademark dilution (Count II), those claims brought by Annie Oakley are DISMISSED without prejudice.

- Defendants' motion to dismiss Plaintiffs' New Jersey state law claims (Counts VII and VIII) is GRANTED.

- And Defendants' motion to dismiss Plaintiffs' damages claims outside a two year statute of limitations is GRANTED

[Filing No. 104.] Responding to the Court's decision on the Partial Motion to Dismiss, Plaintiffs filed their Motion for Leave to File its Second Amended Complaint on April 16, 2021. [Filing no. 108.] The Second Amended Complaint would (1) remove Cathy Beggan as a defendant; (2) remove the claims for "use of advertising idea"; (3) amend claims requiring ownership of a federal trademark registration to only be alleged by Gavet, individually; and (4) revise the New Jersey common law claims to reflect Indiana common law claims. [Filing No. 108.] The Plaintiffs argue that their belated amendments should be permitted because it responds to the Court's March 23 Order. [Filing No. 108 at 2-3.]

The Court, in its discretion, will accept the Plaintiffs' belated filing. *Frakes v. Peoria Sch Dist. No. 150*, 872 F.3d 545, 549 (7th Cir. 2017) ("District courts have 'considerable discretion in interpreting and applying their local rules.'"). Having found that Plaintiffs meet the heightened good-cause standard of Rule 16(b), the Court will now address whether the Rule 15 requirements have been satisfied.

**B.   Rule 15**

Courts should "freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), but leave to amend is not granted automatically. *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC,* 499 F.3d 663, 666 (7th Cir. 2007). Leave to amend should be "freely given" if "the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief." *Foman v. Davis,* 371 U.S. 178, 182 (1962). However, "[d]istrict courts have broad discretion to deny leave to amend where there is undue delay, . . . undue prejudice to the defendants, or where the amendment would be futile." *Divane v. Northwestern Univ.*, 953 F.3d 980, 993 (7th Cir. 2020) (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)).

The Defendants are not opposed to the Motion for Leave; however, they take two issues with the filing. First, Plaintiffs state in their conclusion section that "no new motions to dismiss would be appropriate." [Filing No. 108 at ¶ 3]. Defendants responded they do not waive any right to address any of the new claims in the Second Amended Complaint via a motion to dismiss. [*See* Filing No. 109.] Second, numbered paragraph 1 states that this is "an action for . . . civil conspiracy," [Filing No. 108 at ¶ 1], but the Court dismissed without prejudice the civil conspiracy count. [*See* Filing No. 109.]

Regarding the Defendants' first issue, the Plaintiffs do not include the language regarding further motions to dismiss (or lack thereof) in their proposed Amended Complaint. Additionally, the Plaintiffs acknowledged the error in referencing "civil conspiracy" in their reply, [Filing No. 110], removing the reference in their proposed Second Amended Complaint, [Filing No. 110-1].

The Defendants have not argued any further instances of undue delay, undue prejudice, or futility, other than the above mentioned "civil conspiracy" language. Because there is good cause, and because leave to amend should be freely given, Fed. R. Civ. P. 15, the Court will permit this amendment as well.

### III.
#### CONCLUSION

Based on the foregoing, Plaintiffs' Motion for Leave [108] is **GRANTED**. The Clerk is further **DIRECTED** to docket the Plaintiff's Second Amended Complaint [110-1], as of the date of this order.

Dated: 5/12/2021

*Mario Garcia*
Mario Garcia
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF: all counsel of record.**