UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ANNIE OAKLEY ENTERPRISES, INC. and RENEE GABET, | ) ) ) | |
| *Plaintiffs,* | ) ) ) | |
| vs. | ) ) | 1:20-cv-00638-RLY-MG |
| RISE-N-SHINE, LLC, AMAZON.COM, INC., and WALMART, INC., | ) ) ) ) | |
| *Defendants.* | ) | |

## ORDER

Plaintiffs Annie Oakley Enterprises, Inc. ("Annie Oakley") and Renee Gabet ("Gabet") bring this action against Defendants Rise-N-Shine, LLC, ("RNS"), Amazon.com, Inc. and Walmart, Inc., for claims of trademark infringement and violations of other state and federal laws. Plaintiffs have filed a Motion for Extension of Time to Respond to Defendants' Motion for Summary Judgment. [Filing No. 132]. Defendants filed a response in opposition, [Filing No. 133], and Plaintiffs then filed a reply in support of their Motion, [Filing No. 134]. The Motion is now ripe for the Court's consideration.

### I.
#### BACKGROUND

Annie Oakley sells a line of products that includes shampoo and conditioner with the slogan and trademark RISE 'N SHINE. [Filing No. 32 at 4.] Ms. Gabet is Annie Oakley's founder and sole shareholder. [Filing No. 32 at 3.] Ms. Gabet is also the sole owner of Trademark Registration No. 2,549,750 in connection with perfumes, body oils, room fragrances, and essential oils for personal use, and Trademark Registration No. 3,990,283 in connection with shampoos, hair conditioners, body soaps, and body powders. [Filing No. 32 at 4.] Annie Oakley alleges that

it is the only entity authorized by Ms. Gabet to use the RISE 'N SHINE Mark in connection with essential oils for personal use since at least January 2000, and in connection with shampoos, hair conditioners, body soaps, and body powders since at least April 2001. [Filing No. 32 at 4-5.] Plaintiffs have developed a national customer base. [Filing No. 32 at 5.] Plaintiffs allege that they market and sell their products using the RISE 'N SHINE Mark around the world through their store, by mail, through wholesalers, and online. [Filing No. 32 at 5.]

Defendants are also in the business of selling hair care products. [Filing No. 32 at 5.] On February 12, 2019, Defendant RNS sought to register the RISE-N-SHINE Mark in connection with hair conditioners, shampoos, and assorted nutritional supplements. [Filing No. 32 at 7.] On June 12, 2019, believing Defendant's use of the RISE-N-SHINE Mark infringes on their RISE 'N SHINE Mark, Plaintiffs filed a Notice of Opposition against the RISE-N-SHINE application. [Filing No. 32 at 7-8.]

Amazon.com, Inc. and Walmart, Inc., the other two defendants in this case, operate online marketplaces where third-party vendors can sell their products. [Filing No. 32 at 9, Filing No. 32 at 12.] Both companies sell the alleged infringing products. [Filing No. 32 at 12, Filing No. 32 at 16.]

The Court set a deadline to complete liability discovery of June 25, 2021 and a deadline of January 24, 2022 to complete all remaining discovery. [Filing No. 117.] The dispositive motion deadline is August 25, 2021. [Filing No. 117.] Nevertheless, Defendants filed a Motion for Summary Judgment on June 1, 2021, well before the August 25, 2021 deadline. [Filing No. 127.] Plaintiffs' Motion for Extension asks to extend their deadline for responding to the Motion for Summary Judgment that would otherwise be June 29, 2021 to September 25, 2021. [Filing No. 132 at 1.]

# II.
## LEGAL STANDARDS

Rule 56(d), provides as follows:

If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the court may:

(1) defer considering the motion or deny it;
(2) allow time to obtain affidavits or declarations or to take discovery; or
(3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). "Rule 56 permits a district court to delay consideration of a summary judgment motion and order additional discovery before ruling if the non-movant demonstrates that 'it cannot present facts essential to justify its opposition.'" *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 627-28 (7th Cir. 2014) (quoting Fed. R. Civ. P. 56(d)). The nonmoving party must make a "good faith showing that it cannot respond" to the motion for summary judgment absent additional discovery. *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1058 n.5 (7th Cir. 2000) (quoting *United States v. All Assets and Equip. of W. Side Bldg. Corp.*, 58 F.3d 1181, 1190 (7th Cir. 1995)).

"The Rule places the burden on the non-movant that believes additional discovery is required to 'state the reasons why the party cannot adequately respond to the summary judgment motion without further discovery.'" *Sterk*, 770 F.3d at 628 (quoting *Deere & Co. v. Ohio Gear*, 462 F.3d 701, 706 (7th Cir. 2006)). Additionally, "[a] party seeking relief under Rule 56(d) must show by affidavit or declaration specific reasons discovery should be extended, which requires more than a fond hope that more fishing might net some good evidence." *Smith v. OSF HealthCare Sys.*, 933 F.3d 859, 864 (7th Cir. 2019). The non-moving party's Rule 56(d) affidavit should provide (1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to create a genuine issue of material fact; (3) what efforts the affiant has made to obtain those facts;

and (4) why these efforts were unsuccessful. *See Coward v. Town and Village of Harrison*, 665 F. Supp. 2d 281, 301 (S.D.N.Y. 2009); *Deere & Co.*, 462 F.3d at 706; *Reed v. Lawrence Chevrolet, Inc.*, 14 F. App'x 679, 685 (7th Cir. 2001). The Seventh Circuit has held that lack of diligence in pursuing discovery or unjustified delay tactics are reasons to deny a Rule 56(d) motion. *Kalis*, 231 F.3d at 1058 n. 5.

## III.
### DISCUSSION

In their Motion, Plaintiffs argue they need additional discovery in the form of a Fed. R. Civ. P. 30(b)(6) deposition of RNS, to obtain facts necessary for their response to Defendant's Motion for Summary Judgment, [Filing No. 127]. According to Plaintiffs' counsels' declaration, Plaintiffs have not yet completed discovery nor taken the 30(b)(6) deposition of RNS because of Plaintiffs' pending Motion to Dismiss Rise N-Shine, LLC's Second Amended Counterclaims, [Filing No. 64]. Plaintiffs argue that "because some of the issues in this case are likely to be resolved upon the outcome of the Motion to Dismiss, Plaintiffs did not think it was effective to complete discovery and depositions prior to a ruling." [Filing No. 132 at 2; Filing No. 132-1 at 1.]

Plaintiffs have identified numerous topics that they wish to explore during a 30(b)(6) deposition of RNS, including:

> the extent to which RNS has sold or distributed International Class 3 products under the mark Rise 'N Shine; the extent to which RNS has sold or distributed oil or hair care related products that are within the scope of Plaintiffs' federal trademark registrations; the extent to which RNS's oil or hair related products distributed under the mark Rise 'N Shine or the advertising therefor was unlawful because they violated FTC regulations and/or the May 20, 2015 final judgment and injunction entered in *FTC v. Rise-N-Shine, LLC and Cathy Beggan*, Docket No. 15-3301 (D.N.J. May 20, 2015); the extent to which the International Class 3 products sold or distributed under the mark Rise 'N Shine that contain a "Natural Fragrance" as advertised in RNS's hair-related products include oils or ingredients within the scope of the goods recited in Plaintiffs' trademark registrations; and the extent to which the uses RNS made of the term Rise-N-Shine for oil and hair-related products were trademark uses and the extent to which such uses were continuous or sporadic.

4

[Filing No. 132 at 4-5.] Plaintiffs argue that these contested issues are core to Defendants' Motion for Summary Judgment and that Plaintiffs require additional discovery and a Rule 30(b)(6) deposition to properly address these issues prior to filing a response. [Filing No. 132 at 5.]

In their response, Defendants contend that Plaintiffs have not adequately shown good cause for a three-month extension to respond to the Motion for Summary Judgment, [Filing No. 127]. Defendants cite Plaintiffs' delay of two weeks before filing the instant Motion, which was also filed one week before the discovery deadline to serve a Rule 30(b)(6) Notice on RNS. [Filing No. 133 at 1.] Defendants further argue that Plaintiffs have not shown the "diligence" in pursuing discovery required by Rule 56(d) because Plaintiffs received Defendants' responses to written discovery and any information necessary to conduct a Rule 30(b)(6) deposition on RNS in months prior and a "diligent" plaintiff would have taken a Rule 30(b)(6) deposition of RNS at an earlier time. [Filing No. 133 at 2.] Defendants note that they do not oppose a short and reasonable extension. [Filing No. 133 at 4.] Plaintiffs claim that because of their pending Motion to Dismiss, [Filing No. 64], they were not pursuing discovery until that motion had been ruled upon. Plaintiffs argue that they believed it would be ineffective to complete discovery and depositions prior to a ruling.

A motion to dismiss does not generally bring litigation to a halt, and Plaintiffs seem to acknowledge as much with their motion practice in this case. [Filing No. 23; Filing No. 25; Filing No. 45; Filing No. 64.] On June 1, 2021, the Court conducted a telephonic status conference with the parties and entered a minute order encouraging the parties to continue discovery and disclosures while the remaining Motion to Dismiss, [Filing No. 64], is pending. [Filing No. 126.] That same day, Defendants filed their Motion for Summary Judgment and Brief in Support. [Filing No. 127; Filing No. 128.] Plaintiffs note that they noticed a 30(b)(6) deposition of RNS for June

5

25, 2021, but the deposition did not occur on that date and the parties are currently discussing a date in late July 2021 for the deposition.

The instant Motion for Extension was timely filed within the deadline for Plaintiffs to provide a response to the Motion for Summary Judgment, and Plaintiffs have provided specific reasons showing that an extension is required to respond to the summary judgment motion. The Court agrees with Defendants that Plaintiffs did not adequately explain how the Rule 30(b)(6) deposition topics would differ if Plaintiffs' Motion to Dismiss had been ruled on. While motions to dismiss generally don't halt discovery absent a showing of good cause, this Court finds a moderate extension is appropriate here. The Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' Motion for an Extension insomuch as the Court will provide a reasonable extension of September 1, 2021 to respond to Defendants' Motion for Summary Judgment to allow time for a Rule 30(b)(6) deposition of RNS.

## IV.
### CONCLUSION

The Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion for Extension of Time to Respond to Defendants' Motion for Summary Judgment, [132]. The deadline to complete liability discovery is extended to **September 1, 2021** for the sole purpose of conducting a Rule 30(b)(6) deposition. The, deadline for Plaintiffs to respond to the Defendants Motion for Summary Judgment, [127], is extended to **September 1, 2021**.

Date: 7/8/2021

*Mario Garcia*
Mario Garcia
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF only to all counsel of record.**